IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Petitioner | § | |
| | § | |
| V. | § | MISC. ACTION NO. 4:15-mc-10 |
| | § | J. CLARK/J. CRAVEN |
| KARSON C. KAEBEL | § | |
| | § | |
| Respondent | § | |

## REPORT AND RECOMMENDATION REGARDING COMPLIANCE WITH SUMMONS

On June 29, 2015, the Court held a show cause hearing on the Petition to Enforce Internal Revenue Service Summons. Having heard the argument of counsel for the Government and of Respondent Karson C. Kaebel, who is proceeding *pro se*, the Court finds as follows:

1. The summons was properly issued by the Petitioner to Respondent for the lawful purposes of securing the information necessary to complete a Collection Information Statement and to determine the collectability of Respondent's tax liability for years 2005 through 2009. Petitioner sought all documents and records reflecting the assets and liabilities of Respondent from January 1, 2014 to June 30, 2014. Although Respondent appeared at the date and time specified in the summons, Respondent failed to produce to Petitioner the items sought in the summons. Respondent objected to the relevance of or asserted the Fifth Amendment in response to a majority of the questions asked by Revenue Officer Robert Landrey.

2. The summons was reasonably certain about the items requested and was not overly broad.

3. The items sought in the summons are relevant and material to the lawful purposes.

4. No Justice Department referral as defined in 26 U.S.C. § 7602(d)(2)(A) is in effect for Respondent.

5. Respondent was notified of the date of the hearing to show cause and appeared at the hearing.

6. The IRS summons which the Petition seeks to enforce satisfies the requirements of *United States v. Powell*, 379 U.S. 48 (1964)[1] and the statutory requirement of 26 U.S.C. § 7602(d). Respondents' acts of producing the documents sought by the summons are not protected by the Fifth Amendment's privilege against self-incrimination. As evidenced by the Revenue Officer Landrey's Declaration, no Justice Department referral has been made.

7. This is not a case where the act of production could constitute protected testimonial communication because it might entail implicit statements of fact; in other words, this is not a case where by producing documents in compliance with a summons, the witness would admit that the papers existed, were in his possession or control, and were authentic. Although Respondent did not appear at the hearing with the documents, the IRS represents it has independent knowledge of the existence of many of the documents and can establish the authenticity of certain records by other independent sources.

---

[1] For the summons to be valid, the United States must prove four elements: (1) the summons was issued for a legitimate purpose; (2) the summoned information may be relevant; (3) the summoned information is not already in the possession of the IRS; and (4) the summons meets all administrative requirements. *Powell*, 379 U.S. at 57-58. Additionally, the summons must satisfy the statutory requirement of 26 U.S.C. § 7602(d), which precludes the issuance or enforcement of a summons once a "Justice Department referral" is in effect.

8. Respondent did not bring a copy of the documents at issue to the hearing. The Court finds Respondent's act of producing his records would either have no testimonial significance or such significance would be so slight that it would fail to implicate the Fifth Amendment. *See Fisher v. United States*, 425 U.S. 391, 411 (1976).

9. At the hearing, the Court questioned Respondent, outside the presence of Petitioner, regarding the basis for his assertion of the Fifth Amendment privilege. The Court is satisfied that compliance with the summons would involve no incriminating testimony within the protection of the Fifth Amendment. The summons was not issued to prepare a tax return but to determine whether tax liability which has already been assessed can be collected. The documents and testimony sought pertain only to Respondent's asset holdings and therefore are "not inherently incriminating." *United States v. Redhead*, 194 F. App'x 234, 236 (5th Cir. 2006) (stating documents pertaining only to asset holdings are "not inherently incriminating in nature").

10. In light of these findings and the arguments presented at the hearing, the Court finds Respondent should fully comply with the summon issued to secure information to complete a Collections Information Statement and to determine the tax liability of Respondent for tax years 2005 through 2009. Respondent should also be ordered to appear on ***July 25, 2015, at 10:00 a.m., at the offices of the Internal Revenue Service,*** 5450 Stratum Dr., Fort Worth, Texas 76137, to meet with Revenue Officer Robert Landrey or his designated agent, and to comply with the summons, and produce the records and documents and testimony called for in the summons.

Based on the foregoing, it is

**RECOMMENDED** that Petition to Enforce Internal Revenue Service Summons be **GRANTED**. It is further

**RECOMMENDED** that Respondent be ordered to fully comply with the summons issued to secure information and appear at the Offices of the Internal Revenue Service as set forth herein.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A.§ 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 30th day of June, 2015.**

*/s/ Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE