**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *Petitioner,* | § | |
| | § | |
| V. | § | CASE NO. 4:15mc10 |
| | § | Chief Judge Clark/Judge Craven |
| KARSON C. KAEBEL | § | |
| | § | |
| *Respondent.* | § | |

# ORDER ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On June 29, 2015, the Magistrate Judge held a show cause hearing on the United States of America's Petition to Enforce Internal Revenue Service Summons. Having heard argument of counsel for the Government and of Respondent Karson C. Kaebel ("Respondent"), the Magistrate Judge issued a Report and Recommendation Regarding Compliance with Summons on June 30, 2015. Respondent filed objections to the Report and Recommendation, and the Government filed a limited objection. The Court conducts a *de novo* review of the Magistrate Judge's findings and conclusions.

## BACKGROUND

On March 18, 2015, the Government filed the underlying petition to enforce an IRS summons against Respondent pursuant to 26 U.S.C. § 7602. The summons required Respondent to appear and give testimony relating to the collectability of the tax liability of the Respondent, and to bring all

1

documents and records reflecting the assets and liabilities of the Respondent from January 1, 2014 to June 30, 2014, so that a Collection Information Statement may be prepared. The summons further required that Respondent appear, testify, and bring the aforementioned records and information to the IRS office at the time and place designated by the summons. Respondent appeared before the IRS officer; however, he failed to bring the summoned documentation, and he objected to the relevance of or asserted the Fifth Amendment in response to a majority of the questions asked by Revenue Officer Robert Landrey.

On May 27, 2015, the Magistrate Judge issued an Order to Show Cause, ordering Respondent to appear before the United States District Court for the Eastern District of Texas on Monday, June 29, 2015 at 11:00 a.m., at the United States Courthouse (Video Room), Plano, Texas, to show cause why he should not be ordered to comply with the IRS summons. The Show Cause Order further ordered Respondent to bring to the hearing the documents described in the summons.

Respondent appeared at the show cause hearing but without the summoned documents. The Magistrate Judge questioned Respondent, outside the presence of Petitioner, regarding the basis for his assertion of the Fifth Amendment privilege. The Magistrate Judge determined compliance with the summons would involve no incriminating testimony within the protection of the Fifth Amendment. According to the Magistrate Judge, the summons was not issued to prepare a tax return, but to determine whether tax liability that has already been assessed can be collected.

**REPORT AND RECOMMENDATION**

After making preliminary findings, the Magistrate Judge found as follows: (1) Respondent should fully comply with the IRS summons issued to secure information necessary to complete a Collection Information Statement and to determine the collectability of Respondent's tax liability

for years 2005 through 2009; and (2) Respondent should be ordered to appear to meet with Revenue Officer Robert Landrey or his designated agent, and to comply with the summons, and produce the records and documents and testimony called for in the summons (which included all documents and records reflecting the assets and liabilities of Respondent from January 1, 2014 to June 30, 2014).

## OBJECTIONS

Respondent filed objections to the Report and Recommendation, first asserting the act of production would, in effect, force him to testify against himself in violation of his Fifth Amendment rights. In his second objection, Respondent takes issue with the Magistrate Judge's finding that no Department of Justice referral as defined in 26 U.S.C. §7602(d)(2)(A) is in effect for Respondent. According to Respondent, "the fact that this process has not been officially labeled as 'criminal'" does not diminish his rights under the Fifth Amendment. (Dkt. No. 14 at 6).

The Government filed a limited objection to the Report and Recommendation, asking the Court to move the date for compliance and requesting that Respondent be ordered to produce updated responsive information for the time period of three months immediately preceding production, in addition to producing the responsive information for the time period contained in the summons. Relying on *United States v. Erickson*, 2013 WL 1192988 (D. Minn. Mar. 4, 2013), the Government asserts courts have ordered respondents to provide updated responsive information for the time period of three months immediately preceding production because of the "inherent time lag between the issuance of the Report and Recommendation and a final enforcement Order that occurs in litigation brought to enforce an IRS Summons." (Dkt. No. 10 at 2).

## *DE NOVO* REVIEW

**Applicable law**

To determine the applicability of a person's Fifth Amendment privilege against self-incrimination, a court must engage in a two pronged analysis. First, the court must determine whether the summoned information is incriminating in nature, either on its face or in the context of the circumstances that the information is requested. *Hoffman v. United States*, 341 U.S. 479, 486-87, 71 S.Ct. 814, 95 L.Ed. 1118 (1951). Second, if the information is found to be incriminating, then the court must then determine whether the proponent's asserted apprehension of criminal prosecution is reasonable under the circumstances. *Steinbrecher v. C.I.R.*, 712 F.2d 195, 198 (5th Cir.1983).

In order to rely on the Fifth Amendment as a defense to a refusal to produce documents or to answer questions, the taxpayer must sufficiently assert the privilege by "present[ing] himself with his records for questioning, and as to each question and each record elect to raise or not to raise the defense. The district court may then determine by reviewing . . . [his] records and by considering each question whether, in each instance, the claim of self-incrimination is well founded." *United States v. Roundtree,* 420 F.2d 845, 852 (5th Cir. 1970). A "blanket claim" of privilege is insufficient. *Id*.; *United States v. Goodwin,* 625 F.2d 693, 701 (5th Cir. 1980).

**Respondent's objections**

In his first objection, Respondent does not dispute the Magistrate Judge's finding that the IRS summons is valid.[1] Respondent asserts the issue is not whether the *Powell* criteria have been met,

---

[1] The IRS summons meets the statutory requirement of 26 U.S.C. § 7602(d), which precludes the issuance or enforcement of a summons once a "Justice Department referral" is in effect, and also satisfies the four requirements of *United States v. Powell*, 379 U.S. 48, 57-58 (1964).

but whether Respondent has a Fifth Amendment right against the compulsory act of production of the documents sought by the summons. Specifically, Respondent asserts the production of certain personal and private documents can, under some circumstances, be protected under the Fifth Amendment privilege against self-incrimination. *See U.S. v. Doe*, 465 U.S. 605 (1984)(addressing to what extent the production of business records of a sole proprietorship implicates an individuals Fifth Amendment rights).

The Court has considered the cases relied upon by Respondent in asserting the privilege against self-incrimination and finds Respondent's reliance to be misplaced. For instance, in *Doe*, the owner of sole proprietorships was served subpoenas demanding the production of certain business records in conjunction with a federal grand jury investigation. The Supreme Court held the contents of the respondent's records sought by the government were not privileged because the respondent did not contend that he "prepared the documents involuntarily or that the subpoena would force him to restate, repeat, or affirm the truth of their contents." *Doe*, 465 U.S. at 611-12. While the contents of such business records may not be privileged, the Court held the act of producing the documents may still violate the respondent's Fifth Amendment rights. *Id*. at 612. Upon a factual finding that the act of producing business records involves such testimonial self-incrimination, the production may not be compelled absent a grant of use immunity. *Id*. at 613-14. This is not the case here.

In the Report and Recommendation, the Magistrate Judge relies on a recognized exception which acknowledges that an individual's Fifth Amendment rights are not implicated by the act of producing business records where "the existence, possession, and authenticity of the documents are a 'foregone conclusion." *United States v. Rue,* 819 F.2d 1488, 1492 (1987). For this foregone

conclusion exception to apply, the government must establish its independent knowledge of three elements: the documents' existence, the documents' authenticity and respondent's possession or control of the documents. *See United States v. Hubbell,* 530 U.S. 27, 40–41 (2000).

In this case, the Government argued, and the Magistrate Judge found, the existence, authenticity, and Respondent's possession of the documents is a foregone conclusion, and thus Respondent's Fifth Amendment rights are not implicated. Specifically, the Magistrate Judge noted the IRS' representation that it has independent knowledge of the existence of many of the documents and can establish the authenticity of the records by independent sources, making it a foregone conclusion that the documents sought exist, are authentic, and are in Respondent's possession.

"The existence and location of the papers are a foregone conclusion and the taxpayer adds little or nothing to the sum total of the Government's information by conceding that he in fact has the papers. Under these circumstances by enforcement of the summons 'no constitutional rights are touched. The question is not of testimony but of surrender.'" *Fisher v. United States*, 425 U.S. 391, 411 (1976). The Court agrees with the Magistrate Judge that Respondent's act of producing his records would either have no testimonial significance or such significance would be so slight that it would fail to implicate the Fifth Amendment. *Id*.

After questioning Respondent outside the presence of the Government regarding the basis for his assertion of the Fifth Amendment privilege (and noting Respondent did not bring to the show cause hearing the documents described in the summons for *in camera* inspection), the Magistrate Judge further determined the documents and testimony sought pertain only to Respondent's asset holdings and are "not inherently incriminating." *See U.S. v. Redhead*, 194 F. App'x 234, 236 (5th Cir.2006). Respondent has not presented any evidence to show the Magistrate Judge's determination

was incorrect. Respondent fails to specifically explain why the requested documents or testimony are incriminating. Nor does Respondent provide the Court any particularized reason that the requested documentation would be self-incriminating. For these reasons, the Court overrules Respondent's first objection.

Respondent's second objection relates to the second prong of the analysis which pertains to whether there is a reasonable apprehension of criminal prosecution. Under the two pronged analysis, the court must determine whether the proponent's asserted apprehension of criminal prosecution is reasonable under the circumstances, but only if the requested information is found to be incriminating. *Steinbrecher*, 712 F.2d at 198. As noted above, the Court agrees with the Magistrate Judge that the first prong of the inquiry into self-incrimination has not been satisfied. Even assuming the first prong had been satisfied, the Court would still find Respondent has failed to substantiate his asserted apprehension of criminal prosecution. Considering there is no Justice Department referral, any fears of criminal prosecution are not reasonable under the circumstances. Respondent's second objection is overruled.

**The Government's limited objection[2]**

Although the Court moves the date of compliance to September 22, 2015, the Court will not order Respondent to produce updated responsive information to the summons for the time period

---

[2] The Government recently filed a notice of withdrawal of its limited objection to the Report and Recommendation, asserting the date of compliance issue is now moot because Respondent was granted an extension of time in which to file objections to the Report and Recommendation. In the notice, the Government still requests that Respondent be ordered to provide updated responsive information (both testimonial and documentary) to the summons for the time period of three months immediately preceding production due to the lag time between the issuance of the Report and Recommendation and a final enforcement order. (Dkt. No. 16).

of three months immediately preceding production, as requested by the Government. The case relied upon by the Government is distinguishable. In *United States v. Erickson*, 2013 WL 1192988 (D. Minn. Mar. 4, 2013), the United States requested at the hearing that the enforcement order demand responsive information for the dates listed in the collectability summons as well as updated information from the previous three months. Here, the Government did not make its request at the hearing. Rather, the request was raised for the first time in its limited objection to the Report and Recommendation. The IRS summons, the Government's petition, and the argument before the Magistrate Judge only pertained to documents and records reflecting the assets and liabilities of Respondent from January 1, 2014 to June 30, 2014.

Additionally, in *Erickson*, the respondent agreed to comply with the summons within 30 days, including producing updated information. There has been no such agreement in this case. For these reasons, the Government's request for updated information is overruled.

The Court, having reviewed the Report and Recommendation and the relevant briefing, is of the opinion the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court, with the limited modification of the date of compliance. It is therefore

**ORDERED** that Respondent Karson C. Kaebel shall fully comply with the summons issued to secure information to complete a Collections Information Statement and to determine the tax liability of Respondent for tax years 2005 through 2009. It is further

**ORDERED** that Respondent Karson C. Kaebel shall appear on ***Tuesday, September 22, 2015, at 10:00 a.m., at the offices of the Internal Revenue Service,*** 5450 Stratum Dr., Fort Worth, Texas 76137, to meet with Revenue Officer Robert Landrey or his designated agent, and to comply

with the summons, and produce the records and documents and testimony called for in the summons (all documents and records reflecting the assets and liabilities of Respondent from January 1, 2014 to June 30, 2014).[3]

Further, the United States Marshal is directed to make service of this order on Respondent.

**IT IS SO ORDERED.**

So **ORDERED** and **SIGNED** this **31** day of **August, 2015.**

_____
Ron Clark, United States District Judge

---

[3] The Court noted Respondent's assertion in his objections that if he is ordered to appear and respond to questions, he reserves the right to invoke the Fifth Amendment on a question by question basis. Should Respondent fail to appear or produce the documents as ordered herein or should Respondent appear but continue to improperly respond to the questions by asserting the Fifth Amendment, Respondent is hereby advised he could be held in contempt of this Court for violation of this order.